UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HELEN HUDSON,

    Plaintiff,                                         Hon. Ellen S. Carmody

v.                                                      Case No. 1:12-CV-1324

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## **OPINION**

This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claim for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) benefits under Titles II and XVI of the Social Security Act. On April 8, 2013, the parties agreed to proceed in this Court for all further proceedings, including an order of final judgment. (Dkt. #10). Section 405(g) limits the Court to a review of the administrative record and provides that if the Commissioner's decision is supported by substantial evidence it shall be conclusive. The Commissioner has found that Plaintiff is not disabled within the meaning of the Act. For the reasons stated below, the Court hereby **dismisses Plaintiff's appeal for failure to prosecute**.

Plaintiff initiated the present pro se appeal on December 4, 2012. On March 25, 2013, Defendant submitted an answer to Plaintiff's complaint. On March 26, 2013, the Court entered an order directing the filing of briefs. Plaintiff was directed to submit a brief in support of her appeal no later

than April 30, 2013. Plaintiff failed to submit a brief or request an extension of time to do so. On October 22, 2013, the Court directed Plaintiff to show cause why this matter should not be dismissed for failure to prosecute. Plaintiff was ordered to respond no later than November 22, 2013, and was expressly warned that failure to respond would result in the dismissal of her action. On November 4, 2013, Plaintiff requested an extension of time to file her initial brief. The Court granted Plaintiff's motion, affording her until January 10, 2014, to file her initial brief. Plaintiff was again expressly warned that failure to timely submit her brief would result in dismissal of her action.

As the United States Supreme Court long ago recognized, "[t]he authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629 (1962). This authority "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 629-30. Failure by a plaintiff "to prosecute or to comply with these rules or a court order" constitutes grounds to dismiss the complaint, or any particular claims therein. *See* Fed. R. Civ. P. 41(b).

When examining whether dismissal under Rule 41(b) is appropriate, the Court must consider the following factors: (1) whether the party's failure to cooperate is due to willfulness, bad faith, or fault; (2) whether the adversary is prejudiced by the party's dilatory conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered. *See Schreiber v. Moe*, 320 Fed. Appx. 312, 317-18 (6th Cir., Nov. 5, 2008) (quoting *Tetro v. Elliott Popham Pontiac, Oldsmobile, Buick, and GMC Trucks, Inc.*, 173 F.3d 988, 992 (6th Cir. 1999)). Consideration of these factors leads the Court to conclude that dismissal

is appropriate as Plaintiff has exhibited no particular interest in pursuing her appeal in this Court or complying with the Court's Orders.

## CONCLUSION

For the reasons articulated herein, the Court orders that this matter be dismissed without prejudice for failure to prosecute and failure to comply with the Court's Orders. A judgment consistent with this opinion will enter.


Date:  January 24, 2014                             /s/ Ellen S. Carmody
                                                    ELLEN S. CARMODY
                                                    United States Magistrate Judge